## Studebaker Sales Company v. Conestoga Traction Company.

*John E. Malone,* for rule; *Charles W. Eaby* and *J. Glenn Anderson,* contra.

LANDIS, P. J., April 13, 1929.—On Sept. 28, 1928, the plaintiff brought suit against the defendant to recover the value of an automobile injured by reason of a collision with a car of the defendant. The plaintiff's statement avers that, on May 28, 1928, about 8.15 P. M., a man by the name of Frank Perrier was driving a six-cylinder Studebaker Dictator roadster, belonging to the plaintiff company, at a lawful rate of speed southward on a public road leading from Reading to Lancaster, and at the same time the defendant company was operating a trolley car northward on the said road, at or near the village of Reamstown, carelessly, recklessly and negligently, and at an improper rate of speed, and that the defendant's trolley car, without warning, suddenly crossed from one side of said public road at grade to the other side and in doing so ran into and damaged beyond repair the plaintiff's automobile.

The motion on which this rule is based avers that the statement is vague, indefinite and uncertain; that it fails to set forth the definite location of the accident; that it does not set forth the negligence of which the defendant is alleged to have been guilty; and, while it avers that the trolley car was running at a high rate of speed, it does not set forth what the speed was or why it was improper at the time and place.

It must be remembered that a trolley car runs on its own right-of-way. If its track crossed the public road, it had a right to cross at that place. As it is alleged that the automobile was within the vision of the motorman, certainly the trolley car was within the vision of the driver of the automobile. At the time of the accident, the lights must have been on, and some special reason should have been averred why the driver could or did not see or know, if he had looked, that the trolley car was coming. Therefore, under the circumstances, I think the statement is defective.

The defendant, too, is entitled to know where the collision took place. To say that it was at or near the village of Reamstown conveys no definite information. Was it to the north or to the south of the town, and about what distance?

The plaintiff should also assert what the negligence of the motorman consisted of, and, if he was driving too fast, relatively, the speed of the trolley and why it was that that speed caused the accident. I do not mean that the plaintiff in its statement as to these matters must be exact; but it should be sufficiently definite, so that the defendant shall be informed as to what it will be called upon to meet on the trial.

The rule is now made absolute.

Rule absolute.

From George Ross Eshleman, Lancaster, Pa.